**AMERICAN INSURANCE COMPANY,**
Appellant,

v.

**Moses PEYTON and Mamie Peyton,**
Appellees.

**No. 7970.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1959.

Decided Nov. 17, 1959.

Alexander H. Sands, Jr., Richmond, Va. (Sands, Marks & Sands, Richmond, Va., on brief), for appellant.

Martin A. Martin, Richmond, Va. (Hill, Martin & Olphin, Richmond, Va., on brief), for appellees.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and R. DORSEY WATKINS, District Judge.

SOBELOFF, Chief Judge.

The District Court, sitting without a jury, gave judgment for the plaintiffs, Moses and Mamie Peyton, in the sum of $4,000, the face amount of a fire insurance policy issued by the defendant. The policy, which described the insured building as an "owner occupied dwelling", was obtained in November, 1956, by one Frank Morgan, the mortgagee. The certificate issued to the plaintiffs as mortgagors also so described the insured property. Total destruction by fire occurred on June 1, 1957.

The insured structure was formerly a country schoolhouse; it had one large room which was used for business purposes and four other rooms, two of which were furnished for occupancy as a dwelling. The remaining two were storage rooms.

It is beyond dispute that at the time of the fire neither the plaintiffs nor any other person was living in the building. The plaintiffs admit that the large room was used for the sale of cigarettes, candies, soft drinks, popcorn and potato chips, and that it contained a "jukebox" and one or more Coca-Cola coolers. In front of the premises was a large sign advertising "Peyton's Inn." Other witnesses asserted, but the plaintiffs denied, that dances were conducted on the premises.

Some time before the fire, the appellees had taken out a merchant's license for the premises, which they transferred to Moses Peyton's father before the fire. He was operating under it when the fire occurred.

The father testified that he stayed on the premises sometimes, but not at nights. When asked where he was at the time of the fire, he answered, "I was home in bed. Somebody come up there and said *the store* was on fire and I jumped out. * * *" (Emphasis supplied.) He also testified that he later rebuilt on the same location and "continued" to operate the store in the new building.

It was also shown that about eighteen months before the fire, Morgan had obtained a fire insurance policy on the premises from another company. Therein the property was first described as a "tenant occupied dwelling", but one year before the fire the policy was endorsed with the notation: "It is hereby agreed and understood that the property is now occupied as a lunchroom", and an appropriate increase in premium was made. The adjusted premium was five times as much as the original.

Yet when the policy in suit was later issued for an "owner occupied dwelling" it was at the reduced rate applicable to such occupancy and this was at no time changed. There was uncontradicted testimony that the use of the building at the time of the fire would have required a much higher premium, if the insurance company would have been willing to write the coverage at all. We cannot agree with the finding of the District Court that the use made of the building created no additional hazard over that specified in the policy.

 Even assuming that when the policy was issued the property was in fact the appellants' dwelling and that therefore there was no misrepresentation by them or their agent, we hold that the use being made of the premises at the time of the fire was such as to bring into operation the condition of the policy suspending coverage "while the hazard is increased by any means within the control or knowledge of the insured * * *."[1] Plaintiff's contention that this provision of the policy is inapplicable because of § 38.1–336, Code of Virginia, 1950,[2] is

[1] This provision is required by statute, § 38.1–366, Code of Virginia, 1950.

[2] Section 38.1–336 reads as follows: "When answers or statements of applicant not to bar recovery on policy.—All statements, declarations and descriptions in any application for a policy of insurance or for the reinstatement thereof shall be deemed representations and not warranties, and no statement in such ap-

**60**

unsupportable, since that section pertains to statements and declarations made in the application for an insurance policy, not to increases in the hazard.

On this record we conclude that the District Court's decision is clearly erroneous, and we must reverse and direct entry of judgment for the defendant. In so doing we express no opinion as to whether Morgan may have incurred any liability in failing to advise plaintiffs that the policy for which he arranged, and which was in force at the time of the fire, did not carry the same coverage as the expired policy.

Reversed with direction to enter judgment for defendant.

---

plication or in any affidavit made before or after loss under the policy shall bar a recovery upon a policy of insurance, or be construed as a warranty, anything in

the policy to the contrary notwithstanding, unless it be clearly proved that such answer or statement was material to the risk when assumed and was untrue."